SUMMARY ORDER

Petitioner Zheng Fen Ou, a native and citizen of the People’s Republic of China, seeks review of the August 29, 2008 order of the BIA affirming the June 19, 2006 decision of Immigration Judge (“IJ”) Thomas Mulligan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Zheng Fen Ou, No. A200 037 297 (B.I.A. Aug. 29, 2008), aff'g No. A200-037-297 (Immig. Ct. N.Y. City June 19, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). “We review de novo questions of law and the application of law to undisputed fact.” Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Ou fails to raise before this Court any challenge to the agency’s denial of his CAT claim, we deem that claim waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
With respect to Ou’s asylum and withholding of removal claims, Ou argues *62 that the BIA erred in failing to consider whether the fine imposed by the Chinese government constituted economic persecution on the basis of his resistance to its coercive family planning policies. The Government responds that Ou failed to exhaust this claim because he did not raise it in his appeal to BIA. We agree. In addition to the statutory requirement that a petitioner exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he later raises before this Court, see Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1, 125 n. 25 (2d Cir.2007). Here, because Ou did not argue before the BIA that he suffered economic persecution on account of his resistance to the family planning policy, we decline to consider such an argument in the first instance. Id.
Even if Ou had made an “other resistance” claim before the BIA, his argument is without merit. Ou testified that he was fined because he and his wife violated the family planning policies by having a second child, and that he paid the fine. This conduct cannot be characterized as resistance, and nothing in the record suggests that the fine itself would constitute persecution. See Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10, 314 (2d Cir.2007) (finding that a petitioner whose asylum claim was based on his fian-cée’s two forced abortions and the threat of a fine had not engaged in “resistance” such that he was entitled to refugee status); see also Ivanishvili v. United States Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (finding that persecution can include non-physical forms of harm including the “deliberate imposition of a substantial economic disadvantage” (internal quotation marks omitted)).
Accordingly, Ou failed to demonstrate that he was entitled to asylum. Further, because Ou was unable to show the objective likelihood of persecution needed to make out an asylum claim, Ou was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir.1991).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.